UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

YUNIESKY PADILLA, and others similarly-situated,

    Plaintiffs,

vs.

K B INTERNATIONAL TRADING CORP., a Florida corporation and KENNETH BULHACK, individually,

    Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, YUNIESKY PADILLA, by and through his undersigned attorney, and hereby sues Defendants, K B INTERNATIONAL TRADING CORP., a Florida corporation and KENNETH BULHACK (herein collectively referred to "the EMPLOYER" unless referred to individually), and alleges:

### JURISDICTIONAL ALLEGATIONS AND VENUE

1. This is an action to recover money damages for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida.

3. Defendant, K B INTERNATIONAL TRADING CORP., is a Florida corporation, which at all times material hereto, was doing business in Broward County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

4. The individual Defendant, KENNETH BULHACK, is an "employer," as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and was directly involved in decisions affecting employees' compensation and hours worked by employees, such as the Plaintiff. Moreover, the individual Defendant controlled the purse strings for the Defendant corporate entity.

5. This action is brought by Plaintiff to recover from the Employer unpaid overtime wages, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

6. FLSA coverage is triggered because the corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other States, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over State lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and two or more employees handled goods or materials that moved in the stream of commerce on a frequent and recurrent basis, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

7. Plaintiff and those similarly-situated employees, regularly, and on a recurring basis utilized and handled equipments, goods or materials manufactured and purchased from outside the State of Florida, or which originate from places outside the State of Florida and regularly used the instrumentalities of interstate commerce in their work.

8. Those similarly-situated employees are current and former employees who worked for Defendants, performed the same or similar duties as the Plaintiff and were not paid overtime wages for all of their hours worked.

9. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## PLAINTIFF'S EMPLOYMENT

10. Plaintiff was employed by Defendants as an hourly paid employee from approximately September 2014 through March 2017. Plaintiff was paid $11.00 an hour. The Defendant Corporation is in the business of wholesale distribution of general line groceries. Plaintiff was responsible for putting labels on products.

11. When employed by Defendants, Plaintiff worked approximately 5 to 6 days a week and his hours varied weekly. Plaintiff estimates as a matter of just and reasonable inference that during September 2014 through March 2017, he worked an average of 48 hours per week. Plaintiff reserves the right to amend his estimates of hours worked once he reviews Defendants' records. Throughout his employment, Defendants failed to pay Plaintiff the required overtime wages when he worked in excess of forty hours per week.

12. Plaintiff estimates his damages as follows:

**September 2014 through March 2017**
8 overtime hours per week x $5.50 (half-time) = $44.00 x 130 weeks = $5,720.00.

**Estimated Total Overtime Wages Owed:** $5,720.00 x 2 (liquidated) = $11,440.00.

## COUNT I
## UNPAID OVERTIME WAGES AGAINST
## K B INTERNATIONAL TRADING CORP.

13. Plaintiff re-alleges and re-avers paragraphs 1 through 12, as fully set forth herein.

14. The Defendant Corporation is in the business of wholesale distribution of general line groceries. Plaintiff was responsible for putting labels on products. Plaintiff worked for Defendant from approximately September 2014 through March 2017. Plaintiff worked an average of 48 hours per week and was paid $11.00 an hour.

15. Plaintiff worked in excess of forty (40) hours per week during his employment with Defendant. At no time throughout his employment was Plaintiff ever paid the overtime rate of time-and-one-half the overtime hours he worked in excess of 40 per week. Plaintiff is entitled to be paid overtime wages at a rate of time-and-a-half the regular rate as required by the FLSA. Plaintiff requires obtaining the necessary records and information to determine the amount of overtime wages owed in this case.

16. The similarly-situated current and former employees are all those other employees who worked for Defendant and who were subjected to the same policies in that they were not paid the overtime rate required by the FLSA.

17. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by

4

the Employer to properly pay him at the rate of time-and-one-half for all hours worked in excess of forty (40) per workweek, as provided in the FLSA.

18. Defendant knew and showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant failed to keep adequate time records as required by the FLSA. Defendant never paid Plaintiff the overtime rate, in violation of the FLSA. When Plaintiff regularly worked beyond his 40 hours a week, he was paid his regular hourly-rate. Defendant had knowledge that Plaintiff worked over 40 hours weekly, yet Defendant knowingly failed to pay its employees the required overtime rate, in violation of the FLSA. Defendant knew or should have known that the hours over 40 weekly were required to be paid at a rate of time-and-one-half. No valid reason exists for the denial of paying overtime wages.

19. Defendant willfully and intentionally failed to pay Plaintiff the required overtime rate because it knew that Plaintiff was working hours in excess of forty per workweek and made the conscious decision not to pay Plaintiff overtime wages.

20. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the Defendant, K B INTERNATIONAL TRADING CORP., jointly and severally against the individual Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid

overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## UNPAID OVERTIME WAGE
## CLAIM AGAINST KENNETH BULHACK

21. Plaintiff re-alleges and re-avers paragraphs 1 through 20, as fully set forth herein.

22. The individual Defendant, KENNETH BULHACK, has operational control over the Defendant corporation, and was directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. He also managed the Defendant Corporation and supervised employees.

23. Plaintiff worked in excess of forty hours per week during his employment with Defendant. At no time throughout his employment with the Defendant, was Plaintiff ever paid the overtime rate of time-and-one-half for the hours he worked. Plaintiff is entitled to be paid overtime wages at a rate of time-and-a-half the regular rate as required by the FLSA for those hours in which he worked more than forty hours per week.

24. The similarly-situated current and former employees are all those other employees who worked for Defendant KENNETH BULHACK and were subjected to the same policies in that they were not paid the overtime rate required by the FLSA.

25. At all times material hereto, Defendant KENNETH BULHACK failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by KENNETH BULHACK to properly pay Plaintiff at the rate of time-and-one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

26. Defendant, KENNETH BULHACK knew and showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant, KENNETH BULHACK failed to keep adequate time records as required by the FLSA. Defendant never paid Plaintiff the overtime rate, in violation of the FLSA. When Plaintiff regularly worked more than 40 hours a week, he was paid his regular hourly-rate for the hours in excess of 40 per week. Defendant had knowledge that Plaintiff worked over 40 hours weekly, yet Defendant knowingly failed to pay Plaintiff the required overtime rate, in violation of the FLSA. Defendant knew or should have known that the hours over 40 weekly were required to be paid at a rate of time-and-one-half. No valid reason exists for the denial of paying overtime wages.

27. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the individual Defendant KENNETH BULHACK, jointly and severally with the corporate Defendant, K B INTERNATIONAL TRADING CORP., pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: *s/Edilberto O. Marban*
    EDDY O. MARBAN, ESQ.
     Fl. Bar No. 435960